O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VERN HOWARD ARNETT,** | NO. SACV 07-364-MAN |
| Plaintiff, | |
| | MEMORANDUM OPINION AND ORDER |
| v. | |
| **MICHAEL J. ASTRUE,** **Commissioner of the** **Social Security Administration,** | |
| Defendant. | |

**INTRODUCTION**

Plaintiff filed a Complaint on March 28, 2007, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for a period of disability ("POD") and disability insurance benefits ("DIB"). The parties filed a Joint Stipulation on November 27, 2007, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's

decision. On May 22, 2008, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The Court has taken the parties' Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On April 26, 2004, plaintiff filed an application for DIB, in which he claims to have been disabled since September 12, 2003, due to diabetes mellitus, peripheral neuropathy, and periodic sharp pains. (Administrative Record ("A.R.") 41-43, 55-57.) The application was denied initially and upon reconsideration. (A.R. 43-47, 49-53.) On August 9, 2006, plaintiff, who was represented by counsel, appeared and testified at a hearing before Administrative Law Judge Charles E. Stevenson ("ALJ"). (A.R. 201-19.) On September 8, 2006, the ALJ denied plaintiff's DIB claim (A.R. 18-22), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 3-6, 13-14).

## SUMMARY OF ADMINISTRATIVE DECISION

In his September 8, 2006 written decision, the ALJ found that plaintiff: meets the nondisability requirements for a POD and DIB; is insured for benefits through the date of the ALJ's decision; and has not engaged in substantial gainful activity since September 12, 2003, his alleged disability onset date. (A.R. 18, 21.)

The ALJ concluded that plaintiff's diabetes, with peripheral

2

neuropathy in his feet, is considered "severe," but does not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  (A.R. 21.)  The ALJ further found plaintiff's allegations regarding his limitations were "not totally credible." (*Id.*)  Based on the testimony of a vocational expert and finding that plaintiff has the residual functional capacity to perform sedentary work generally, the ALJ concluded that plaintiff can perform his past relevant work as an accounting clerk. (A.R. 22.)  Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act during the time period at issue.  (*Id.*)

**STANDARD OF REVIEW**

This Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).  The Commissioner's decision must stand if it is supported by substantial evidence and applies the appropriate legal standards. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  Substantial evidence is "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995).

Although this Court cannot substitute its discretion for that of the Commissioner, this Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y. of Health and Human Serv., 846 F.2d 573, 576 (9th Cir. 1988); *see also*

Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and free from legal error, even when the record reasonably supports more than one rational interpretation of the evidence. *Id*. at 1041; *see also* Morgan v. Comm'r. of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Flaten v. Sec'y., 44 F.3d 1453, 1457 (9th Cir. 1995).

**DISCUSSION**

Plaintiff alleges the following two issues: (1) whether the ALJ's rejection of plaintiff's treating physician's opinion is based on a proper application of governing legal principles and supported by substantial evidence; and (2) whether the finding that plaintiff's subjective complaints are not credible is supported by substantial evidence and based on proper legal standards.

**I.   The ALJ Failed To Provide Specific And Legitimate Reasons For Disregarding The Opinion Of Plaintiff's Treating Physician.**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Even where the treating physician's opinions are contradicted, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v.

4

Bowen, 853 F.2d 643, 647 (9th Cir. 1987); *see also* McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989)("broad and vague" reasons for rejecting the treating physician's opinion do not suffice).

20 C.F.R. § 404.1512(e) provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." Thus, the Commissioner has a duty to develop the record in appropriate circumstances. *See* Smolen, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of the treating physician's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. . . . He could also have continued the hearing to augment the record.")(citations omitted); *see also* Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered").

In the present case, the ALJ stated two reasons for rejecting the opinion of plaintiff's treating physician, Miles Masatsugu, M.D., that plaintiff "has pretty significant peripheral neuropathy secondary to his long standing uncontrolled diabetes" that limits use of his upper extremities (A.R. 142):  (1) Dr. Masatsugu's opinion is "unsupported by objective medical findings"; and (2) Dr. Masatsugu "seems to have merely checked off limitations in order to bolster [plaintiff's] claim." (A.R.

5

20-21.)[1]  While the ALJ's two reasons for rejecting Dr. Masatsugu's opinion may be specific, they are not legitimate in accordance with the governing legal standards.  *See* Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989)(ALJ may disregard the treating physician's opinion, but only by setting forth specific *and* legitimate reasons for doing so).

The ALJ's first reason for rejecting Dr. Masatsugu's opinion -- that it is "unsupported by objective medical findings" (A.R. 21) -- is not legally sufficient, because the ALJ erred by failing to make further inquiry of Dr. Masatsugu to determine the bases for Dr. Masatsugu's opinion regarding plaintiff's upper extremity limitations.  *See* Smolen, 80 F.3d at 1288; 20 C.F.R. § 404.1512(e).  The ALJ states, "there is no objective basis for the suggested upper extremity limitations or the sitting restrictions.  *There is no mention elsewhere in the file including Dr. Masatsugu's own notes of any problems associated with the upper extremities.*"  (A.R. 20; emphasis added.)  This rationale for rejecting Dr. Masatsugu's opinion rests, in part, on a blatant mischaracterization of the record.  While the objective basis for plaintiff's problems with his upper extremities may not be clear, it is indisputable that, on several occasions beginning in October 2003, plaintiff complained to his doctors, *including Dr. Masatsugu*, of upper extremity numbness, specifically numbness in his hands.  (*See e.g.,* A.R. 48, 63, 70, 107, 119, 154, 156, 207-12 -- plaintiff's complaints of hand numbness.)  Materially "inaccurate characterization of the evidence"

---

[1]  Dr. Masatsugu opined that, as a result of his neuropathy, plaintiff is unable to sit, stand, or walk more than 1 hour in an 8 hour day, cannot lift or carry more than 5 pounds occasionally, and is significantly limited in his ability to use his hands for fine or gross manipulation.  (A.R. 20, 173-180.)

warrants remand.  *See* Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999).

Further, if the ALJ questioned whether there was an objective basis for Dr. Masatsugu's opinion, the ALJ should have conducted an "appropriate inquiry" by re-contacting Dr. Masatsugu and/or requesting that plaintiff undergo objective testing, such as nerve conduction studies, to assess the extent of his upper extremity limitations. *See* Sims v. Apfel, 530 U.S. 103, 110-11 (2000)("It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.").  In this case, the extent of plaintiff's upper extremity limitations is critical to the determination of whether he can perform his past relevant work.  Indeed, at the hearing before the ALJ, plaintiff's attorney asked the vocational expert the following hypothetical:

> If we took a sedentary individual with [plaintiff's] age, education, and past relevant work, at generally the sedentary range, but [with] additional restrictions, restrictions on the use of the upper extremities to only occasionally using them during the day for both gross and fine manipulation, would that preclude the past work?

(A.R. 217.)  In response, the vocational expert stated: "Yes." (*Id.*) Thus, the record must be further developed with respect to this dispositive issue.

The ALJ's second reason for rejecting Dr. Masatsugu's opinion --

that Dr. Masatsugu "seems to have merely checked off limitations in order to bolster [plaintiff's] claim" (A.R. 20) -- is also flawed. There is no evidence in the record which would indicate that Dr. Masatsugu exaggerated his assessments of plaintiff's limitations to help him collect disability benefits. *See* Lester, 81 F.3d at 832 ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.")(citation omitted). Thus, this matter should be remanded as the ALJ's rejection of Dr. Masatsugu's opinion on this basis is neither supported by substantial evidence nor free from legal error.

In addition, plaintiff complains that his sitting limitations[2] (A.R. 211) and his depression for which Dr. Masatsugu prescribed Zoloft and referred him for therapy (A.R. 200, 213-14) were not adequately addressed by the ALJ. (Joint Stipulation at 3-4, 6-7, 12-13.) On remand, the ALJ should also develop the record further regarding plaintiff's sitting limitations and depression by re-contacting Dr. Masatsugu and/or referring plaintiff for a consultative examination. The ALJ should consider whether plaintiff's sitting limitations and depression, even if they are not disabling in and of themselves, impact his ability to work, given his other significant medical impairments. It is well-settled that "the ALJ must consider the combined effect of all of the claimant's impairments on [his] ability to function, without regard to whether each alone was sufficiently severe." Smolen, 80 F.3d at 1290.

---

[2] Plaintiff testified that he can sit no more than 20 to 30 minutes continuously. (A.R. 211.)

8

**II. The ALJ Erred In Rejecting Plaintiff's Subjective Pain Testimony Without Setting Forth Clear And Convincing Reasons For Doing So**.

Once a disability claimant produces evidence of an underlying physical impairment that is reasonably likely to be the source of his subjective symptom(s), all subjective testimony as to the severity of the symptoms must be considered. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 2001)(*en banc*); *see also* 20 C.F.R. § 404.1529(a) (explaining how pain and other symptoms are evaluated). Moreover, "unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). Further, the ALJ's credibility findings must be "sufficiently specific" to allow a reviewing court to conclude that the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony. Moisa, 367 F.3d at 885.

In this case, the ALJ's reasons for discounting plaintiff's testimony were neither legally sufficient nor factually accurate. The ALJ stated: (1) plaintiff failed to establish a medically determinable impairment that would reasonably be expected to produce such limitations; (2) plaintiff's one hospitalization was due to noncompliance; and (3) plaintiff has been working part-time as a ticket taker and has "apparently had no difficulty with this job." (A.R. 20.) These conclusions are not supported by substantial evidence and, again, reflect mischaracterizations of the record.

It is undisputed that plaintiff suffers from adult-onset diabetes mellitus with peripheral neuropathy, which could be expected to cause pain and numbness. (A.R. 20, 108, 113, 114, 122-30, 159-71, 181, 191.) The ALJ concluded that plaintiff's peripheral neuropathy in his feet is "severe" (A.R. 21); it remains unclear whether there is objective evidence establishing that plaintiff's peripheral neuropathy extends to his hands. As discussed above, the record must be further developed in this latter respect. Notwithstanding the fact that the ALJ failed to develop the record adequately, the ALJ's stated reasons for finding plaintiff's subjective pain allegations "not fully credible" do not comport with the applicable clear and convincing legal standard.

In rejecting plaintiff's subjective complaints as they relate to his hand numbness, the ALJ's stated that plaintiff's "peripheral neuropathy has been documented as mild and limited to the feet." (A.R. 20.) This assertion is belied by the record. As discussed in Section I, *supra*, plaintiff complained of numbness in his hands on several occasions, both to medical personnel and in testifying at the hearing. (A.R. 48, 63, 70, 107, 119, 154, 156, 207-12.) Plaintiff testified that he is unable to perform his past relevant work as a bookkeeper because, "when [he] use[s] the pen, [he doesn't] have the feeling in [his] hands. . . . [He] can't . . . grip a pen properly." (A.R. 210.) He further testified that he has difficulty dressing himself, fastening his buttons, and tying his shoes. (A.R. 211.) He stated that his "skin just cracks open," and he "can't make a complete fist with either hand." (A.R. 209-10.) An ALJ may not rely solely on the absence of objective medical evidence supporting the degree of pain alleged to find that plaintiff's subjective symptoms are not credible. Fair v. Bowen, 885

F.2d 597, 601-02 (9th Cir. 1989). Thus, the ALJ erred by failing to discuss plaintiff's claimed hand limitations adequately.

Further, the ALJ's reliance on plaintiff's noncompliance with his medication to support an adverse credibility finding is legally insufficient under the circumstances of this case. Plaintiff's financial constraints and consequent inability to buy prescribed medications are documented, in treatment notes, medical reports, and plaintiff's testimony at the hearing. (*See e.g.,* A.R. 107, 145, 153, 178, 200 -- documentation of plaintiff's inability to buy prescribed medication or to consult recommended medical specialists.) While an unexplained failure to seek treatment may cast doubt on a claimant's credibility, such an inference is unreasonable where plaintiff is indigent. *See* Fair, 885 F.2d at 602. Indeed, the Ninth Circuit has "proscribed the rejection of a claimant's complaints for lack of treatment when the record establishes that the claimant could not afford it." Regennitter, 166 F.3d at 1297; *see also* Smolen, 80 F.3d at 1284; Gamble v. Chater, 68 F.3d 319, 322 (9th Cir. 1995)("[a]lthough progress has been made in providing affordable medical care to the needy . . . many Americans are without the means or opportunity to obtain necessary medical care. Social Security disability and SSI benefits exist to give financial assistance to disabled persons because they are without the ability to sustain themselves. It flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.")(citations omitted).

Finally, the ALJ's assertion that plaintiff "apparently had no

difficulty" performing the functions of the ticket-taker job once again mischaracterizes the record. (A.R. 20.) At the hearing, plaintiff did not testify that he had "no difficulty," performing this job; rather, he testified that "it was very difficult to get through it . . . ." (A.R. 212.) Plaintiff testified that he could no longer stand without leaning against a podium and, because of the increased pain and numbness in his feet, he can only "stand up for maybe 20, 30 minutes; and then, [he] sit[s] down again." (*Id.*) The ALJ's mischaracterization of the record to support his credibility finding constitutes error. *See* Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998)(reversible error for an ALJ to paraphrase misleadingly the evidence in the record).

As the ALJ failed to set forth clear and convincing reasons to find plaintiff's testimony of disabling pain not credible, that finding constitutes legal error.

**III. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ

would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.,* Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 13, 2008

/s/
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

13